Good morning, Your Honors. Please record. My name is Bud Bailey, and I represent Pucci. Could you keep your voice up a little bit? This microphone is going into a recording device, but it doesn't help us much on the volume. I'll do that. Thank you. This matter is simply a request to court review, denial of attorney's fees on a successful remand motion, from this case being removed to federal court out of Multnomah County State Court. And I would just point the Court to the excerpt of record, essentially, to start with in this case. I think that in reviewing the trial court's actions, this Court obviously is going to look at did the trial court use discretion in regard to the denial. And having said that, I would admit that we have an uphill burden in telling the Court that they need to reverse the remand. We have two cases here that are in the excerpt of record. The first case is the Washington case decided by Judge Burgess. And in the excerpt of record there, we know that Judge Burgess, just 12 days after the remand, the removal of this case, ordered a remand in a companion case with the same defendant, different plaintiffs in the State of Washington, but the same attorneys. And that's referenced in the briefs before the Court. But, Counselor, if that happened after, then how can anything be imputed to the defendants regarding that? Well, let me go through the timeline. I think the timeline is very important, Your Honor. The removal in this case occurred on the 13th of September, 2001. And the motion, there were several motions that occurred. And then 13 days later, on September the 26th, 2001, the Washington case was remanded. So 13 days after the filing of the removal, before any of the briefings were taking place, the Washington case, which had already been briefed, was remanded to State Court. Then on the 28th of September, another 15 days passed. I thought you said the 28th of September? The 26th of September, there was a remand. And then the 28th. The plaintiffs in this case moved for remand. So at that point, everybody knew that the same situation in Washington, which was removed, the Court had looked at it and remanded the case. But there was a possibility that a different district court judge might rule differently on that. Well, I believe there was. But I think where the – and I'm not indicating that, in fact, defendants in this case didn't have a right to do what they did. The issue is whether or not, as a result of doing what they did, attorney's fees should have been awarded. They were awarded in Washington. Now we have an order in place that says it should put people on notice. You're probably going to lose your remand – Maybe or maybe not. Well, that's, I think, the issue. And when we come back to the – Which makes your burden so difficult in terms of the abuse of discretion standard. Well, except that we have the excerpt of record of page 18, and this is in the recommendation and the findings and recommendations. This Court said, however, Rent-A-Senator carries a heavy burden to show this Court that more likely than not, the total for at least one plaintiff exceeds $75,000. Then the Court says, this it has failed – wholly failed. It didn't just say they failed, but this it has wholly failed to do. But the same Court said that, you know, they made a reasonable effort to try to come up with the amount of prospective damages. I agree. That's what was said. And I think here's what I think is the error. At the end of, on the excerpt of record, page 4, instead of focusing on what the defendants in this case did and doing the evaluation based upon whether or not they had a reasonable belief that they had the elements for removal, and I think the Court will find that even in the trial court's record and in its findings, they found that the affidavits that were supplied in support of the removal were miscalculated. There was no way that they could come up with the requisite $75,000. And the Court found that the affidavits themselves were provided by the defendant or just didn't carry the day. But instead of focusing on that and saying there's a colorable argument, what we have is a recommendation that says plaintiffs could have avoided removal in the first instance had they alleged the amount of their damages in the complaint. Counsel, that wasn't the exclusive basis for the Court's ruling, though. The Court went into consideration of the evidence that was submitted by the defendants just to support their removal. The Court said essentially that there was a colorable issue, as I recall, a colorable removal. The Court went into the fact that Rennesitter prepared calculations, and then the plaintiffs responded with their affidavits calculating less damages. So the Court apparently was of the view that there was kind of an issue that had to be resolved in terms of the reasonableness of the respective damage calculations. And it discussed that more than the kind of aside paragraph that you're focusing on. What portion of the record are you looking at? I'm looking at the page preceding the page that you cited to us, ER-3. There are two orders that we're talking about here. The order that you're referring to has to do with the denial of the attorney's fees. Isn't that what we're here to decide? We are. But what I'm saying is that the two orders are conflicting. The first order, where I said they were hooked, that they wholly failed to produce any evidence that would allow the removal. In that order, the Court goes through and says that the issues that are before the Court, even in the affidavits submitted by the defendants in this matter, were miscalculations. In other words, their own evidence, when calculated properly, didn't identify $75,000 worth of damages. But couldn't the Court agree that the defendants had failed to carry its burden, yet still find that reasonable minds could differ regarding the amounts that were at issue? I think had the Court not found that the affidavits that were supplied by the defendant to have been miscalculated and to have so many problems with their own affidavits, I think that had the Court not found that, perhaps that could be the issue. But, in fact, the evidence supporting the removal petition itself was found to be inadequate. And I think that beyond that, the focus of the Court to say, well, plaintiffs could have avoided this removal if they would have pled that there is no federal jurisdiction in their state court complaint, focuses on the wrong issue. The issue isn't that the defendant in this matter has to prove in its state court pleadings that there's no federal jurisdiction. It's that the defendant in bringing this matter has to have an articulable basis upon which this Court can find that this is at least colorably. And they knew, based on the Washington Court's analysis, that it's highly likely that they were not going to get a removal in this case. Counsel, let me ask you this. You said that there was wording in the order that the defendant had wholly failed to meet its burden. Where is the wholly failed language that you're talking about? It's E-R-E-T. It's in the middle of the page. It says, however, Renner Center carries a heavy burden to show this Court that more likely than not. Okay, I see it. Thank you. Counsel, was there any evidence before the district court that the defendant acted in bad faith in the miscalculation? No, there is not. And there was no evidence. The case law, as I recall, the case law indicates that an attorney's fees award in a remand circumstance doesn't require a showing of bad faith. That that's not an issue. There was no evidence to that effect. No, I'm going to the question of abuse of discretion, and I want to know what was before the court. Was there any evidence of bad faith? No, there was not. Okay. So it was, as you characterized it, a miscalculation, and that's what the court found. Yeah. The court's findings are clear, that they just reviewed the evidence and indicated that all of the documents before it were miscalculated. All right. Thank you, Counsel. Thank you. Thank you. May it please the Court, Alison Kruger, on behalf of Rena Center, good morning. The question before this court today was whether the district court judge abused her discretion in denying plaintiff's motion for attorney's fees after remand. And the case here was remanded. The court declined to award attorney's fees because, as you've already pointed out, the defendant had an arguable or culpable basis for removal. And the decision to deny fees was the proper exercise of the district court judge's discretion, and the district court's order denying plaintiff's motion for attorney's fees should be affirmed. An abuse of discretion in this circumstance occurs only when a district court relies on an erroneous view of the law or a clearly erroneous finding of facts, and the plaintiffs have offered no valid basis for this court to conclude that the district court judge abused her discretion in that way. Counsel, what's your response to opposing counsel's argument that because a formal order said that the defendant had wholly failed to meet its burden of removal, that caused them to question the discretion exercise to deny fees? It's true that that language does appear in the court's order on remand, and the district court judge made it clear that the burden on the defendant was quite a heavy burden and that the burden had not been satisfied. However, I don't believe that that finding, that the defendant failed to meet its burden to satisfy removal, requires the judge to find that the plaintiff is entitled to attorney's fees. The difference is, in one case, the burden is completely on the defendant to prove that there was an amount of controversy when the complaint was silent, and the defendant made an attempt to do that, and when the plaintiff countered with their evidence, the court essentially was almost required to find that the defendant's evidence failed. So I think the standard for looking at whether the defendant failed slightly or failed wholly to satisfy the jurisdictional requirement is different than what the judge looks at when she determined that the defendant had at least an arguable basis for removal. And if ultimately that basis failed as a matter of law, that does not mean that the plaintiffs are entitled to their attorney's fees. What about opposing counsel's issue with the district court referencing the failure to include a specific amount in the state court complaint? I think that is, the district court judge was attempting to explain part of her reasoning for finding that attorney's fees would not be appropriate in this case because, in part, the defendant was led to remove the case because of the absence of any allegation of damages, which under the Oregon rules of civil procedure, plaintiffs are required to allege the damages in their complaint. And so the absence of that also caused the defendant to have to determine damages on its own in order to make a decision about whether to remove the case or not, and I think that is what the judge was pointing to. She certainly was not placing any burden on the plaintiffs in terms of the removal, and that burden was placed squarely on the shoulder of the defendant, and the court found that the defendant had not satisfied that burden. Do you have in mind the citation of that Oregon rule? Yes, I do, Your Honor. It's O-R-C-P-18-B. Say that again? O-R-C-P-18-B. Thank you. The cases that plaintiffs rely upon confirm that Section 1447C does not require an award of attorney's fees. The statute is discretionary, and the Valdez v. Wal-Mart case is a Fifth Circuit case that the plaintiffs refer to in their brief supporting their position. However, that case says that the district court has wide discretion in determining whether to award attorney's fees out of remand. Here, the district court judge properly exercised her discretion in denying the fees. I want to mention this, bring up the Washington case that counsel referred to, and that's in the record. The issue in that case was different. In the Washington case, the defendant argued in part that attorney's fees should be included in the calculation of the jurisdictional amount, and that is what the district court judge rejected in determining the amount in jurisdiction. And we did not argue that in the case before the district court in Oregon. We argued strictly based on what we calculated the potential damages to be given the nature of our plaintiff's claims. In the case, it was a class action for wage and hour violations. There were no damages alleged, as we discussed, and even though that is required under ORCP 18B, each of the plaintiffs got six years of back wages, overtime, penalties, and attorney's fees. So that was the information that the defendant used to calculate its damages, to prepare damage calculations. The plaintiff's potential damage calculations differed, and when the court reviewed both sides' calculations, it determined that the heavy burden that was on the defendant had not been satisfied, and that any doubts must be resolved in favor of remand, which is the standard outcome in motions for remand. The district court did not find that the affidavits were misleading. She merely found that there was a difference in the way that the damages were calculated, and some of the information that had been submitted by the defendant was called into question by plaintiffs in their responding affidavits. On the attorney's fees issue, the court did not err in finding that plaintiffs failed to allege damages contributed to the defendant's decision to remove, and she also did not shift the burden to the plaintiffs. She merely found that had they alleged damages, removal might have been avoided, and this factor informed her decision to deny fees. District court judges finding that removal was fairly supportable is a sufficient basis for the court to deny fees, and I would refer the court to the Valcorda case. Valcorda does not say, as plaintiffs contend, that a district court must award fees where removal was wrong as a matter of law. Many district courts within the Ninth Circuit have held that it is appropriate to deny attorney's fees when removing the defendant to a tolerable basis for removal, and district court judges' order to deny a plaintiff's motion for attorney's fees in this case should be affirmed. I have nothing further unless the court has other questions for me. Thank you, counsel. We'll give you one minute for rebuttal. I would just point the court to the order by Judge Burgess in his footnote with regard to whether or not that court reviewed the issue of attorney's fees. It's at conservative records number two, and in that particular issue, the court, Judge Burgess writes, the court takes no position on the dispute concerning how to best attribute a potential award of attorney's fees to the named and unnamed plaintiff. That was before the court in Washington. Lastly, I would just remind the court that this is a class action litigation. With several small claims in wage and hour law under the state law, the removal aspect then would focus specifically on what each of those small claims would be, and that would be the context in which this would be brought before the court. Thank you, counsel. Do the Oregon rules require a pleading of damages in this kind of an action? In the answer, the short answer to that is that the Oregon rules require the pleading of damages. And then an issue of it. But in a class action litigation and our firm does so do, it's very unlikely that in the filing of a complaint where we have small amounts of claims based on individuals overtime, which has a statute of limitations of two years and the people make $13 an hour, that there's going to be an exact pleading of the amounts of wages owed until such time as discovery is done so that you know what the hour is showing for the other matters. Was there a ballpark figure put in? Ballpark? There was no ballpark figure pled, and it's typically we do not plead one now. They can require it, and they can do a rule to make more definite or do a motion to make more definite certainty and require it. Are you saying that you violate the rule in these class actions you file or there is some exception? In the way, I suspect the answer to that is in the pleading itself, when it is initially pled, it is likely that the amount of damages are so uncertain as to the wages that are claimed that they cannot be specifically pled. As the case matures, typically the complaint is amended either through a demand by the defendant on individuals that have their name plaintiffs. So do I take that as a yes or a no? Yes. Okay. Thank you, Your Honor. Reluctantly, that's a yes. The case just argued and submitted. The next case on calendar for argument is Robinson v. Abraham. Thank you.
judges: Goodwin, Alarcon, Rawlinson